IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**EDDY STANLEY HARRIS, JR.**                                    **PETITIONER**

VS.                          **CASE NO. 4:09CV00276 SWW/HDY**

**LARRY NORRIS, Director of the**
**Arkansas Department of Correction**                              **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Eddy Stanley Harris, Jr., brings this habeas corpus action raising a claim, among others, that the prosecution failed to disclose that a witness "had been a paid informant for the Little Rock Police in numerous criminal investigations since 1990 and as late as 2004." Petition, page 14. Mr. Harris states that "the prosecutor argued to the jury that [the witness] had not ben paid nor had any expectation to be paid for her testimony. The prosecutor argued that there was no financial incentive for [her] testimony and that her only motive was to do what was morally right." Petition, page 14. Mr. Harris indicates that he discovered that the witness was a paid informant in May of 2008, during the course of a civil case he initiated. *Eddy Harris, Sr. v. City of Little Rock, Arkansas, et al.*, Case No. 4:07cv00601. This discovery was after the petitioner's March 2005 trial, appellate court's decision on direct appeal in May of 2006, the July 2006 filing of a Rule 37 petition, and the September 2006 filing of an amended Rule 37 petition.

The respondent argues that the claim for relief involving the failure to disclose that the witness was a paid informant is a claim which has not been exhausted in state court, as required by 28 U.S.C. § 2254(b)(1)(A). Specifically, the respondent urges that the petitioner may seek a writ of error *coram nobis* in state court. Therefore, the respondent contends that the petitioner should be given the option of proceeding with the exhausted claims in his current petition or of having the entire petition dismissed, without prejudice, to allow him to exhaust this claim in state court.

First, we consider whether the claim is unexhausted. Put another way, is there an avenue in Arkansas state court where this claim can be properly pursued? Questions of available state

remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. 1981). This exhaustion requirement is necessary in order to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id*. However, this requirement will not be construed so as to require the filing of repetitious or futile applications for relief in state court. *Powell v. Wyrick*, 621 F.2d 921, 923 (8th Cir. 1980). In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224. Consequently, we must determine whether the petitioner has an available state remedy.

The respondent concedes that a writ of error *coram nobis* may be available when the prosecution withholds material evidence. *See Larimore v. State*, 341 Ark. 397 (2000); *Dansby v. State*, 343 Ark. 635 (2001); and *Echols v. State*, 354 Ark. 414 (2003). The *Dansby* opinion is informative:

> A writ of error *coram nobis* is an extraordinarily rare remedy, more known for its denial than its approval. *State v. Larimore,* 341 Ark. 397, 17 S.W.3d 87 (2000). Literally, *coram nobis* means our court, in our presence, before us. *Penn v. State,* 282 Ark. 571, 670 S.W.2d 426 (1984). The essence of the writ of error *coram nobis* is that it is addressed to the very court which renders the judgment where injustice is alleged to have been done, rather than to an appellate or other court. *Black's Law Dictionary* 337 (6th ed.1990). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State,* 336 Ark. 580, 986 S.W.2d 407 (1999). We have held that a writ of error *coram nobis* was available to address certain errors of the most fundamental nature that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Pitts, supra.* When determining whether a petitioner is entitled to relief as a result of material evidence withheld by the prosecutor, the petitioner must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the evidence been disclosed at trial. *Larimore, supra.* A mere claim of newly discovered evidence in itself is not a basis for relief under *coram nobis. Smith v. State,* 301 Ark. 374, 784 S.W.2d 595 (1990). *Coram nobis* proceedings are attended by a strong presumption that the judgment of conviction is valid. Due diligence is required in making application for relief. *Penn v. State, supra; Troglin v. State,* 257 Ark. 644, 646, 519 S.W.2d 740, 741 (1975).

343 Ark. at 637-638.

The petitioner, citing a 1975 Arkansas case, argues that the petition for writ of error *coram nobis* is not available to him because it must be filed at or near the time of filing a Rule 37 petition. However, the Arkansas Supreme Court has more recently held that the time limits of a Rule 37 petition are not applicable to a writ of error *coram nobis*. *Larimore v. State*, 327 Ark. 271 (1997). We conclude that the petition for writ of error *coram nobis* is available to the petitioner as a possible avenue for relief in state court, and that the state should be afforded an opportunity to first consider the petitioner's claim for relief.

The petitioner asks that the Court stay the current proceedings in order to protect him from the possibility of filing an untimely federal habeas corpus petition. We note, however, that the time during which a petitioner pursues a "properly filed" postconviction petition in state court does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). Our ruling that the writ of error *coram nobis* is available to the petitioner is a finding that the time spent by petitioner pursuing this relief in state court will not count against him for limitation purposes. We note that the respondent has not raised any limitations argument in this case. We also note that the petitioner bears the burden of promptly pursuing his claim in state court, and we find that a claim filed within forty five days after judgment in this case would show diligence on the part of the petitioner.

In summary, if a state procedure is available, it cannot be said that the exhaustion requirement of 28 U.S.C. §2254 has been satisfied. This is precisely the situation at bar. Mr. Harris can raise his challenge by filing a petition for writ of error *coram nobis*. Since there is an available state remedy to be pursued, we recommend that this petition be dismissed, without prejudice, due to the petitioner's failure to exhaust his available state court remedy.

IT IS SO ORDERED this   23    day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE